**FILED**

NOV 0 3 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN RIGLER,<br><br>    Defendant. | Case No. 15 CR 2773-BAS<br><br>**INFORMATION**<br><br>Title 18, United States Code, Section 1349 – Conspiracy to Commit Honest Services Mail Fraud |

The U.S. Attorney charges:

**INTRODUCTORY ALLEGATIONS**

At all times relevant:

1. Defendant STEVEN RIGLER (hereinafter referred to as "RIGLER") was a chiropractor licensed to practice in the state of California, who operated three clinics specializing in chiropractic medicine.

2. Chiropractic is a form of alternative medicine that emphasizes diagnosis, treatment and prevention of mechanical disorders of the musculoskeletal system, especially the spine, under the belief that these disorders affect general health via the nervous system. It is a healthcare profession, and although chiropractors have many

1

similarities to primary care providers, they are more similar to a medical specialty like dentistry or podiatry.

3. The main chiropractic treatment techniques involve manual therapy, especially manipulation of the spine, other joints, and soft tissues; treatment may also include exercises and health and lifestyle counseling.

4. Doctors of chiropractic medicine owe a duty of honest services to their patients for decisions made relating to the care of those patients, including the informed choice as to whether to undergo diagnostic testing and obtain durable medical equipment and, if so, an informed choice as to the providers of such equipment and testing.

5. Doctors of chiropractic medicine have a legal duty to act solely in their patient's best interests. As such, they are fiduciaries. Fiduciaries may not profit from their relationship with their patient unless they have the patient's express informed consent. They also have a duty to avoid any conflicts of interest between themselves and their patients.

6. Providence Scheduling operated in the Southern District of California as a scheduling service that referred patients to specific chiropractors for care; C.A. and F.I. directed the activities of Providence Scheduling.

7. S.O. was an attorney licensed to practice law in the state of California specializing in workers' compensation.

8. Meridian Medical Resources, Inc. was a supplier of durable medical equipment operating in the Southern District of California; F.I. directed the activities of Providence Scheduling.

9. MedEx Solutions, Inc. was a scheduling service for ancillary services, including diagnostic imaging; C.A. and F.I. directed the activities of Providence Scheduling.

10. Vital Imaging was a medical diagnostic company operating in the Southern District of California.

//

## Count 1

### (Conspiracy - 18 U.S.C. Section 1349)

11. The Introductory Allegations contained in paragraphs 1 through 9 of this Indictment are re-alleged and incorporated as if set forth fully herein.

**12.** Beginning no later than August 2013, and continuing through in or about September 2014, within the Southern District of California, and elsewhere, defendant STEVEN RIGLER knowingly and willfully conspired to commit Honest Services Mail Fraud, that is, knowingly and with the intent to defraud, devising and participating in a scheme to defraud and to deprive patients of the intangible right to RIGLER's honest services by accepting and concealing bribes and kickbacks, in violation of Title 18, United States Code, Sections 1341 and 1346.

### MANNER AND MEANS

13. In furtherance of the conspiracy, and to accomplish its objects, the defendant utilized the following manners and means, among others:

14. RIGLER, C.A., F.I. and others agreed to and did solicit patients for referral to workers' compensations attorneys, including S.O., operating in the Southern District of California.

15. As part of the agreement, the attorneys were referred patients to sign up as clients in exchange for directing the patients to Providence Scheduling, which would then refer the patients to specific chiropractors for care.

16. RIGLER agreed with C.A., F.I. and others to receive patients referred by Providence Scheduling each month in exchange for kickbacks and bribes, which would be concealed from RIGLER's patients.

17. The kickbacks included an agreement between RIGLER, C.A. and F.I. to direct each patient referred by Providence Scheduling for a specified amount of durable medical equipment from Meridian Medical Resources, Inc. or diagnostic testing from Vital Imaging. RIGLER was required to schedule any diagnostic imaging from Vital Imaging through MedEx Solutions, Inc.

3

18. This agreement entered into by RIGLER, C.A., F.I. and others was made prior to any examination and without regard to the medical necessity of such medical equipment and services.

19. It was agreed to by RIGLER, C.A., F.I. and others that RIGLER would conceal from the patients their agreement that RIGLER would direct his patients to obtain a specific amount of durable medical equipment and diagnostic testing from Meridian Medical Resources, Inc. and Vital Imaging.

20. It was agreed that RIGLER would also pay a monthly fee of approximately $3,000 to C.A. and F.I., in exchange for the referral of at least 40 patients per month to RIGLER's chiropractic clinics.

21. The referral agreement with C.A., F.I. and others, resulted in the procuring of hundreds of thousands of dollars in medical equipment and services from Meridian Medical Resources, Inc. and Vital Imaging, which were obtained on the patients' behalf and without their informed consent.

22. Meridian Medical Resources, Inc. and Vital Imaging submitted bills resulting from this scheme to various healthcare benefits programs, including Travelers Insurance, Zenith Insurance Company and others, by placing such bills in an authorized depository for the mail, to be sent and delivered by the Postal Service.

23. The existence of this concealed agreement regarding bribes and kickback payments was material to the patients' informed consent whether to continue with their care under RIGLER.

All in violation of Title 18, United States Code, Section 1349.

DATED: 11/3/2015

LAURA E. DUFFY
United States Attorney

By: FRED SHEPPARD
Assistant U.S. Attorney